DEKAR INDUSTRIES, INC., a California corporation, A & E Plastik Pak Co., Inc., a California corporation, Joseph Dekel and Yehochai Schneider, Appellants,

v.

The BISSETT–BERMAN CORPORATION, a California corporation, Appellee.

No. 25117.

United States Court of Appeals, Ninth Circuit.

Nov. 19, 1970.

Rehearing Denied Dec. 17, 1970.

Meyer Berkowitz (argued), Beverly Hills, Cal., Edmond F. Shanahan, Los Angeles, Cal., for appellants.

Ellsworth R. Roston (argued), of Smyth, Roston & Pavitt, Charles H. Schwartz, Los Angeles, Cal., for appellee.

Before HAMLEY and KOELSCH, Circuit Judges, and PLUMMER,* District Judge.

KOELSCH, Circuit Judge.

Appeal from an order of the district court granting plaintiff (appellee herein) a preliminary injunction restraining defendants (appellants) from misusing plaintiff's alleged trade secrets pending determination of plaintiff's combined actions for unfair competition and patent infringement.[1]

Paragraph numbered "(4)" of the preliminary injunction describes plaintiff's trade secrets as methods and techniques of manufacture of electrolytic cells (coulometers) in quantity and with reliable characteristics. The methods and techniques in turn are described as those for preparing and plating the anodes of electrolytic cells to insure accurate deplating, treating the components to prevent the formation of dendrites in the cells, cleaning the cells of contaminants and stabilizing the cells after assembly. The specific trade secrets are not set forth.

Paragraphs numbered "(1)" through "(6)" enjoin defendants from shipping tooling, equipment, electrolytic cells or components anywhere in the world, from establishing manufacturing facilities or arranging financing to produce cells and from disclosing to other persons information concerning the construction of such cells. These acts are enjoined only insofar as they relate to the use of plaintiff's trade secrets. Any acts not involving such secrets are expressly permitted.

Defendants seek to have the order granting the preliminary injunction set aside on the grounds that plaintiff failed to identify any trade secrets, that the district court failed to comply with Rules of Civ.P. 52(a) and 65(d), that the district court abused its discretion in granting the preliminary injunction, and that defendants were denied due process in that the district court refused to require plaintiff to allege, or otherwise inform them, of its asserted trade secrets prior to the hearing.

The district court found not only that plaintiff possesses a qualified property right in the aforesaid secrets, but also found that the defendant Dekel and one Gene Frick, plaintiff's former employee, gained knowledge of the secrets from plaintiff in confidence; that all the defendants and Frick have entered into a conspiracy to wrongfully exploit these secrets and are presently engaged in carrying it out, all to plaintiff's irreparable economic injury.

■ These findings, in our estimation, fairly comport with all requirements of Rule 52(a); they provide "a clear understanding of the basis of the trial court's decision, and * * * enable [us] * * * to determine the ground on which the trial court reached its decision." Irish v. United States, 225 F.2d 3, 8 (9th Cir. 1955);[2] in addition, they have support in the evidence and are not clearly erroneous.[3]

■ Nor does the record manifest any fact or circumstance that at this stage of the proceeding would constitute the award of preliminary injunctive relief an abuse of the district court's broad discretion. The design patent granted plaintiff for the cell itself affords no bar, because it does not cover mass production methods which are the secrets. Components for Research, Inc. v. Isola-

---

* Honorable Raymond E. Plummer, Chief Judge, United States District Court, Anchorage, Alaska, sitting by designation.

1. The district court had pendent jurisdiction over the unfair competition claim. (28 U.S.C. § 1338(b)).

2. Additionally defendants urge a local district court rule, supplementary to Rule 52(a) which relates to matters of form.

The questioned findings are in substantial compliance.

3. Production techniques permitting commercially feasible manufacture are within the generally accepted definition of trade secrets. 4 Restatement of Torts § 757; Components for Research, Inc. v. Isolation Products, Inc., 241 Cal.App.2d 726, 728–729, 50 Cal.Rptr. 829 (1966) (stating applicable California law).

tion Products, Inc., 241 Cal.App.2d 726, 730, 50 Cal.Rptr. 829 (1966). And although Frick himself may have developed some of the secrets, he gave plaintiff a written covenant not to use or disclose them, and this covenant also extends to those whom the court held were conspirators. Servo Corp. of America v. General Electric Co., 337 F.2d 716 (4th Cir. 1964), cert. denied, 383 U.S. 934, 86 S.Ct. 1061, 15 L.Ed.2d 851, reh. denied, 384 U.S. 914, 86 S.Ct. 1333, 16 L.Ed.2d 366; Winston Research Corp. v. Minn. Mining & Mfg. Co., 350 F.2d 134 (9th Cir. 1965). Nor do the Sears-Compco rules [4] prevent equitable relief for the misuse of trade secrets by those who are bound by a confidential relationship or by an express or implied agreement to maintain secrecy. Servo Corp. of America v. General Electric Co., *supra*, 337 F. 2d at 724–725.[5]

■ The injunctive order adequately meets the requirements of Rule 65(d) that it be "specific in terms" and describe "in reasonable detail" the acts sought to be restrained. Defendants are fairly informed—by paragraph 4 of the order—that the techniques are those employed by plaintiff, with respect to particular components of the cells, at certain clearly specified stages in their manufacture and to achieve particular results. A similar form of description was used in the order upheld by this court in another trade secret case [*Winston Research Mfg. Corp., supra*], and we deem the description here sufficient. Moreover, Frick, the skilled electro-chemist, and Dekel, the expert tool and die maker, admittedly played major roles in plaintiff's extensive program of research and development that culminated in plaintiffs adopting peculiar methods of processing and manufacturing of cells. It ill behooves Dekel and those in privity with him to now assert they do not know. Ungar Electric Tools, Inc. v. Sid Ungar Co. Inc., 192 Cal.App.2d 398, 404, 13 Cal. Rptr. 268 (1961).[6]

Defendants' due process contention borders on the frivolous. In addition to the facts alleged in the complaint—if more were needed—defendants were also informed in advance of the hearing of the specifics of the claims through plaintiff's answers to numerous interrogations and requests for admission, and by affidavits supporting the motion for the preliminary injunction.

The remaining errors asserted by defendants are without merit and so lacking in substance that they do not warrant discussion.

In sum, we conclude that the injunctive order is valid, and should be affirmed.

It is so ordered.

4. Compco Corp. v. Day-Brite Lighting Inc., 376 U.S. 234, 84 S.Ct. 779, 11 L.Ed.2d 669 (1964); Sears, Roebuck & Co. v. Stiffel Co., 376 U.S. 225, 84 S.Ct. 784, 11 L.Ed.2d 661 (1964).

5. The same observation is valid with reference to two other cases urged upon us by defendants—Lear, Inc. v. Adkins, 395 U.S. 653, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969) and Beckman Instruments, Inc. v. Technical Development Corp., 433 F.2d 55 (7th Cir. 1970)—in both, the claims rested on "straight copying," no confidential relationship was involved.

6. Comparison of this order with the one held invalid in E. W. Bliss Co. v. Struthers-Dunn, 408 F.2d 1108 (8th Cir. 1969), a decision heavily relied upon by defendants tends to support the validity of our conclusion. In *Bliss* the lower court found simply that plaintiff possessed trade secrets embodied in described electronics devices developed by Bliss. The Court of Appeals, noting that the devices themselves did not constitute the trade secrets, declared: "these new or different concepts are not specified in the findings of fact or discernible from the context of the order. * * *" In the instant case the district court specified particular production techniques with respect to particular components and stages of assembly.